NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 17 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RACHEL DARCH,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 24-5892

D.C. No.
3:24-cv-05192-SKV

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Sarah Kate Vaughan, Magistrate Judge, Presiding

Submitted September 15, 2025[**]
Seattle, Washington

Before: W. FLETCHER and DE ALBA, Circuit Judges, and ORRICK, District
Judge.[***]

Rachel Darch appeals the district court's judgment affirming the Social

Security Commissioner's denial of her application for Disabled Adult Child

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable William Horsley Orrick, United States District Judge
for the Northern District of California, sitting by designation.

Benefits and Supplemental Security Income disability benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq*. and § 1381 *et seq*. We review the district court's decision affirming the Administrative Law Judge's ("ALJ") denial of benefits de novo, and the ALJ's denial of benefits "for substantial evidence or legal error." *Farlow v. Kijakazi*, 53 F.4th 485, 487 (9th Cir. 2022). We affirm.

1. The ALJ considered the requisite factors and applied the correct legal standard in evaluating the medical opinion evidence from Drs. Losee, Wilkinson, Eisenhauer and Armstrong, and Licensed Mental Health Counselor Associate ("LMHCA") Todd. The ALJ does not "give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." 20 C.F.R. § 404.1520c(a). Instead, the ALJ must weigh several factors, particularly the medical opinion's supportability and consistency. *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(a)). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Id*. at 791–92 (quoting 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. (quoting 20 C.F.R. § 404.1520c(c)(2)). When rejecting a medical source's opinion, the ALJ must provide "an explanation

supported by substantial evidence." *Id.* at 792.

The ALJ did not err by ignoring Dr. Losee's opinions about Darch's ability to tolerate stress at work. The ALJ expressly recognized and then accounted for those opinions as well as Darch's related social anxiety limitations through restrictions imposed in the residual functional capacity. The ALJ also recognized Dr. Losee's WAIS adult intelligence testing, and Darch's "extremely low" working memory and processing results from 2021, but explained why those conclusions were inconsistent with specifically identified medical evidence in the record. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that inconsistency between a physician's opinion and the medical record constitutes a "specific and legitimate" reason to discount the opinion). The ALJ also appropriately discounted Dr. Losee's impressions regarding limitations in working memory and processing speeds by pointing to evidence in the record showing Darch engaged in hobbies inconsistent with such limitations. The ALJ's inconsistency findings are supported by substantial evidence. *See Woods*, 32 F.4th at 793.

The ALJ did not err in rejecting the opinions of Dr. Wilkinson (and by extension Dr. Eisenhauer) of "marked" limitations in Darch's ability to "concentrate, persist, or maintain pace" and to "understand, remember, and apply information" as inconsistent with the record, for the same reasons. The ALJ's

discounting of Dr. Wilkinson's overall "marked" severity rating was supported by substantial evidence because nothing in the record or Wilkinson's own report supported the determination that Darch would be markedly limited in maintaining appropriate behavior in the workplace. *Id.*

The ALJ did not err in rejecting Dr. Armstrong's opinion that Darch would be off of work two to three days a month due to a seizure disorder as unsupported by Dr. Armstrong's own report and as inconsistent with Dr. Armstrong's other opinions and the record more generally. Those conclusions are supported by substantial evidence. *Id.*; *see also Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020) ("[T]he ALJ 'is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995))).

The ALJ properly discounted the opinions of agency consultants Drs. Nelson and Mohney, limiting Darch to one to two or three step instructions, as unsupported and inconsistent with the record where "claimant's memory was consistently judged to be within normal limits or intact, and her evaluating and treating clinicians did not report that she had limitations in understanding or applying instructions." The ALJ also noted the instructional limitations were inconsistent with Darch's hobbies. Those conclusions are supported by substantial evidence. *Woods*, 32 F.4th at 793.

Finally, the ALJ properly discounted the opinions of LMHCA Todd that Darch was markedly or moderately limited in numerous functional areas because Todd's limitations were "internally inconsistent, insufficiently unsupported, and inconsistent with the record as a whole." The ALJ's rejection of Todd's opinions in light of numerous inconsistencies in Todd's report and Todd's failure to explain or otherwise support the extreme limitations is supported by substantial evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

2. The ALJ did not err in rejecting lay testimony from Darch's mother regarding the severity of Darch's symptoms. We assume without deciding that Ninth Circuit precedent requiring ALJs to identify "specific, germane reasons" to discount nonmedical testimony continues to apply following the Commissioner's adoption of revised regulations. *See Stephens v. Kijakazi*, No. 22-35998, 2023 WL 6937296, at *2 (9th Cir. Oct. 20, 2023) ("We have not yet addressed whether under the new regulations an ALJ is still required to provide germane reasons for discounting lay witnesses. However, we need not decide this issue because any error in not addressing these lay witnesses' testimony was harmless.").

Here, the ALJ provided a specific, germane reason for discounting the lay testimony regarding the severity of Darch's seizures: the mother's description that

Darch's seizures put her "on the ground shaking" was not supported by the record. That is a germane reason to discount the lay testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("An ALJ need only give germane reasons for discrediting the testimony of lay witnesses. Inconsistency with medical evidence is one such reason." (internal citation omitted)).

**AFFIRMED**.